IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE MCCLATCHY COMPANY d/b/a THE NEWS AND OBSERVER PUBLISHING COMPANY; CAPITOL BROADCASTING COMPANY, INCORPORATED; DEMAYO LAW OFFICES, LLP; MARCARI, RUSSOTTO, SPENCER & BALABAN, P.C., <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF CHAPEL HILL, NORTH CAROLINA, <br><br> Defendant. | 1:21CV765 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs The McClatchy Company d/b/a The News and Observer Publishing Company, Capitol Broadcasting Company, Incorporated, DeMayo Law Offices, LLP, and Marcari, Russotto, Spencer & Balaban, P.C. ("Plaintiffs") initiated this action for declaratory and injunctive relief against Defendant Town of Chapel Hill ("Defendant"). (ECF No. 1 at 1.) On February 23, 2023, this Court entered a Memorandum Opinion and Judgment in this matter. (ECF Nos. 49, 50.) Before the Court is Plaintiffs' Motion to Alter or Amend Judgment. (ECF No. 51.) For the reasons stated herein, Plaintiffs' motion will be denied.

**I. BACKGROUND**

Plaintiffs in this action are two media organizations and two law firms. (ECF No. 1 ¶¶ 10, 11, 12, 13.) The two media organizations "routinely use information provided in accident

reports to inform reporting that appears in print, broadcast, and digital formats." (*Id.* ¶ 5.) The law firms use the accident reports to "introduce their services to drivers who may need the assistance of counsel to oppose aggressive claims representatives from insurance companies, understand their rights, or pursue injury compensation in the courts." (*Id.*) The Defendant in this action is the Town of Chapel Hill, a public agency of the North Carolina government and the custodian of public records under the North Carolina Public Records Act ("NCPRA"). (*Id.* ¶¶ 4, 14.)

Plaintiffs allege that until March 2021, Defendant regularly provided accident reports that identified drivers by name and address to all in-person requesters. (ECF No. 32 at 7.) In March 2021, Defendant stopped providing unredacted accident reports (i.e., those with names and addresses visible) unless the requesting party provided a basis for receiving the protected information. (ECF Nos. 32 at 7; 1 ¶ 3.)

Plaintiffs "seek[] a declaration that the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.*, does not bar North Carolina law enforcement agencies from releasing to the public, under applicable state laws, motor vehicle accident reports that contain the unredacted names and addresses of involved drivers." (ECF No. 1 ¶ 1.) Defendant maintains that its policy requiring the request "provide[s] a basis for receiving DPPA protected information," has been in place since 2012, and that any unredacted reports produced without a permissible reason under the DPPA "would not have been in accordance with [Defendant]'s policies." (ECF No. 22-2 ¶¶ 9, 10, 15, 17.)

Plaintiffs filed their Complaint on October 4, 2021. (ECF No. 1.) Subsequently, Plaintiffs filed a Motion for Preliminary Injunction. (ECF No. 9.) Following discovery, Plaintiffs and Defendant each filed Motions for Summary Judgment. (ECF Nos. 31, 33.) On

2

February 23, 2023, this Court granted Defendant's Motion for Summary Judgement, denied Plaintiffs' Motion for Summary Judgment, and denied as moot Plaintiffs' Motion for Preliminary Injunction. (ECF No. 49 at 17.) The Court simultaneously filed a Judgment with this Order. (ECF No. 50.) On March 23, 2023, Plaintiffs filed the instant Motion to Alter or Amend Judgment. (ECF No. 51.)

While the matters in this case were ongoing, an almost identical case was also before this Court. In that case, like the instant case, plaintiffs sought a declaration that the DPPA does not bar the release of personal information in accident reports. *Cap. Broad. Co., Inc. v. City of Salisbury*, 1:22CV1068, 2023 WL 4273636, *1 (M.D.N.C. June 29, 2023). In both cases, plaintiffs brought suit against a city or town in North Carolina. Additionally, Capitol Broadcasting Company, Inc., and The McClatchy Company, LLC d/b/a The News and Observer Publishing Company, are plaintiffs in both actions. (ECF No. 1 ¶¶ 10, 11); 2023 WL 4273636, *1. The only difference in plaintiffs are the names of the law firms involved.

In *Capitol Broadcasting*, this Court dismissed the action for lack of subject matter jurisdiction. *Id.* at *6. Plaintiffs appealed the judgment, and the Fourth Circuit affirmed this Court's ruling[1]. *Cap. Broad. Co., Inc. v. City of Raleigh*, 104 F.4th 536, 543 (4th Cir. 2024). As this Court finds that the Complaint in the instant case is almost identical to the complaint in *Capitol Broadcasting*, the Court will address whether it has subject matter jurisdiction over the instant action prior to addressing the arguments in Plaintiffs' Motion to Amend of Alter Judgment.

---

[1] At the time the instant motion was filed, the parties did not have the benefit of either this Court's opinion or the Fourth Circuit opinion in *Capitol Broadcasting*.

3

## II. STANDARD OF REVIEW

A court "must dismiss" an action "[i]f the court determines at any time that it lacks subject matter-jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

## III. DISCUSSION

The Complaint in this action alleges the basis for this Court having jurisdiction as follows: "[this] Court . . . has original jurisdiction . . . pursuant to 28 U.S.C. § 1331 [federal question jurisdiction] because it arises under the DPPA . . . [t]he Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202." (ECF No. 1 ¶ 17.)

Under federal question jurisdiction, "district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an 'actual controversy' between the parties 'of sufficient immediacy and reality to warrant issuance of a declaratory judgment;' (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004) (citing 28 U.S.C. § 2201) (additional citations omitted).

There is no suggestion here that this Court might have diversity jurisdiction. (*See* ECF No. 1 ¶ 10 (allegation that Plaintiff, The McClatchy Company, is a North Carolina corporation with its principal office in North Carolina); id. ¶ 14 (allegations that Defendant is a North

4

Carolina municipal corporation and a public agency of the North Carolina government).) Thus, the question for the Court is whether it has federal question jurisdiction over this action.

"[I]n the 'vast majority' of cases where federal-question jurisdiction exists," it exists because "federal law creates the plaintiff's cause of action." *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir. 1996) (citation omitted). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). If there is no federal ingredient in plaintiffs claim, district courts lack federal question jurisdiction. *Capitol Broadcasting*, 104 F.4th at 540. "This rule . . . is known as the well-pleaded complaint rule." *Id.* (citation omitted).

The well-pleaded complaint rule applies where, "the jurisdictional issue is whether a district court possesses subject matter jurisdiction of a declaratory judgment action purporting to raise a federal question." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001). Under the "well-pleaded complaint" rule, "[w]hether a case is one arising under the Constitution or a law or treaty of the United States, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

In the case at bar, the Complaint is nearly identical to the complaint in *Capitol Broadcasting*. In reviewing both complaints, the Court found minimal differences, none of which relate to the issue of this Courts jurisdiction. (*See* ECF No. 1 ¶¶ 10–16, 36–45, 52, 53, 55, 56, 67–76). The Complaint alleges this Court possesses federal question jurisdiction because

5

the action "arises" under the DPPA, (ECF No. 1 ¶ 17), but does not reference any provision of that law authorizing a private cause of action, (*see generally id.*). As stated by the Fourth Circuit,

> The complaint proclaims that it "arises under the DPPA," but merely saying something does not make it true. J.A. 12. There is no sense in which the complaint itself is grounded in the DPPA. Plaintiffs do not claim any rights to release stemming from the DPPA, and they do not assert that the DPPA requires defendants to take any affirmative actions. Nor could they. The DPPA expressly creates rights for one class of individuals only: those who have had their information impermissibly disclosed. 18 U.S.C. § 2724. Plaintiffs clearly do not belong within this class. They are seeking disclosure, the very opposite of claiming a breach of their privacy from a record's release. They thus would not be eligible to sue under any federal private cause of action under the DPPA.

*Capitol Broadcasting*, 104 F.4th at 541.

Federal question jurisdiction does not exist as the DPPA, is used as a defense, not as a cause of action. *See Franchise Tax Bd.*, 463 U.S. at 10 (citations omitted) ("Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action but also asserts . . . that a federal defense the defendant may raise is not sufficient to defeat the claim."); *see also Mayor & City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 198 (4th Cir. 2022) (same).

Plaintiffs in this action, like in *Capitol Broadcasting*, seek to obtain accident reports from Defendant. (ECF No. 1 ¶ 2.) Plaintiffs state that the reports they wish to obtain are "authorized" by the NCPRA, a state law. (*Id.* ¶ 4.) There is no assertion in the Complaint that, absent the NCPRA, the DPPA requires Defendants to produce any documents to Plaintiffs. (*See generally id.*) Additionally, as stated above, Plaintiffs do not belong in the class of persons the DPPA is meant to protect because they are seeking disclosure not protection, therefore they would not be able to sue under the DPPA. *Capitol Broadcasting*, 104 F.4th at 541. In considering all of these factors, the Fourth Circuit in *Capitol Broadcasting* ultimately held that the complaint "fail[ed] to raise a federal question on its face." *Id.* This Court finds the same.

6

For these reasons, the Court finds that this action does not arise under federal law for the purposes of federal question jurisdiction. As the Court has found that it lacks subject matter jurisdiction over this action, the Court lacks jurisdiction to consider the merits of Plaintiffs' Motion to Amend or Alter Judgment. Accordingly, Plaintiffs' motion is hereby denied.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment, (ECF No. 51), is **DENIED**.

This, the 30th day of June 2025.

/s/ Loretta C. Biggs
Senior United States District Judge